## Cyrus F. Kent *vs.* David Warner.

In an action against the indorser of a promissory note the plaintiff sought to recover on the ground that the defendant had waived due presentment, demand and notice. The waiver relied on consisted of a conversation between the parties just before the note fell due, concerning the details of which they both testified. The defendant testified that he said "he would see the maker before it was due, and he would probably give a new note, or arrange it with a new note; that is the way he usually pays his notes." The defendant asked the court to rule that if he said "that he should probably see the maker before the note was due and that it would probably be arranged by a new note, that would not be a waiver." The judge declined so to rule, but laid down a general rule to the jury which was substantially correct. *Held*, after a verdict for the plaintiff, that the defendant was entitled to a new trial.

Contract brought by the indorsee against the second indorsei of a promissory note for $250, dated June 2d 1863, signed by R. C. Searle, payable in three months after date to the order of Amaziah Bullens, and indorsed by him and the defendant.

At the trial in the superior court, before *Putnam*, J., the plaintiff admitted that no legal demand was made for payment of the note, or notice of the non-payment given to the defendant; but relied upon a waiver thereof by the defendant. The jury found a verdict for the plaintiff, upon a conversation between the parties'on the 2d of September 1863, respecting which both parties testified, and the testimony of each, together with the instructions asked by the pefendant, is fully stated in the opinion. The judge declined to give the ruling which was requested, and instructed the jury that "whatever tended to put the holder off his guard and induce him to forego making a demand at the proper time and place and giving the proper notice to the indorser would be·a waiver of demand and notice ; and if upon the evidence the jury found that the holder was thereby reasonably misled and put off his guard and induced to forego making a demand and giving notice, the defendant could not set up as a defence in this action the want of such demand and notice."

The defendant alleged exceptions.

*C. A. Winchester*, for the defendant, cited *Creamer* v. *Perry*, 17 Pick. 332; *May* v. *Coffin*, 4 Mass. 341; *Berkshire Bank* v

*Jones,* 6 Mass. 524; *Freeman* v. *Boynton,* 7 Mass. 483 *Davis* v. *Gowen,* 19 Maine, 447; *Garland* v. *Williams,* 49 Maine, 22; *Gove* v. *Vining,* 7 Met. 212.

*J. Wells,* for the plaintiff, cited *Gove* v. *Vining,* 7 Met. 212; *Ricker* v. *Cutter,* 8 Gray, 248; *Barker* v. *Parker,* 6 Pick. 80 · *Taunton Bank* v. *Richardson,* 5 Pick. 436; *Boyd* v. *Cleveland,* 4 Pick. 525; *Brett* v. *Levett,* 13 East, 213.

FOSTER, J. The exceptions in this case present a question as to the liability of the defendant, on the ground of waiver of presentment for payment to the maker and notice of non-payment to the indorser of a promissory note. The defendant being second indorser was entitled to a compliance with the requisitions of the law merchant, not only on general principles, but especially to enable him to render absolute the liability of the first indorser in case he was himself obliged to pay the note. The waiver found by the jury to be an excuse for non-presentment was alleged to have taken place at an interview between the plaintiff and defendant on the day when the note would have been due, except for the allowance of grace. To the conversation on this occasion both parties have testified. The plaintiff's statement is, " that he saw the defendant and told him the note was due, and he looked to him for pay. The defendant said that he would see the maker and attend to it, or have the note attended to, and have it paid." If the jury believed this account to be accurate, it undoubtedly constituted evidence not only authorizing but requiring them to find a waiver, and that the indorser had made himself absolutely liable. *Gove* v. *Vining,* 7 Met. 212.

We cannot however assume that the jury believed the plaintiff rather than the defendant, whose narrative of the same conversation was wholly different. The defendant testified as follows : " The plaintiff called at my shop and said he had a note indorsed by me. I referred to my memorandum and told him I had indorsed a note which would be due in three days; that I would see the maker before it was due, and he would probably give a new note or arrange it with a new note; that is the way he usually pays his notes." Directly after the defendant

did indorse another note for the maker with which to take up the note in suit.

In the opinion of the court, if this was all that took place between the parties, it was insufficient to dispense with the necessity of a regular demand and notice, and the jury should have been so instructed. *Cayuga County Bank* v. *Dill*, 5 Hill, 403.

The actual prayer for instructions made by the defendant was, that " if the defendant said he should probably see the maker before the note was due, and it would probably be arranged by a new note, that would not be a waiver." Omitting the first use of the word " probably," because the statement that the defendant would see the maker of the note is stated by him to have been made absolutely and without such qualification, we think the instruction requested would have been correct and appropriate to the case, as assuming the truth of the defendant's testimony. The jury should have been instructed upon the aspect of the case as presented by the evidence both of the plaintiff and the defendant. As the question of waiver upon undisputed facts is one of law, the court might and ought to have ruled that if the jury believed the plaintiff they must find a waiver of presentment and notice ; if, on the other hand, they believed the defendant they must find that there was no waiver.

But inasmuch as the jury might not consider either version of the interview to be altogether accurate, the case required instructions as to what would in law amount to a waiver, in ordei that they might apply the rule for themselves to their view of what they should find to have occurred between the parties. On this point, the ruling given, taken altogether, was substantially correct.

Strictly speaking, a waiver is an intentional relinquishment of a known right ; but where the indorser of a note by words or acts has in fact misled and put the holder off his guard and reasonably induced him to omit due presentment for payment and notice of non-payment, he is deemed in law to have waived the performance of these ceremonies, because it would be inconsistent with good faith on his part to insist upon a condition, compliance with which had been prevented by his own conduct.

If the jury believed that the indorser himself undertook to have the note paid or renewed or in any way arranged for, that would be a waiver; if, on the other hand, they believed he merely said he would see the maker on the subject of the note, and the maker would probably give a new note or arrange for it with a new note, that would not justify the holder in neglecting his legal duty in the premises and render absolute the conditional contract of the indorser. We think the case should be again submitted to a jury under such instructions as we have indicated. *Exceptions sustained.*